UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JULIO PACHECO,

                          Plaintiff,

            -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5. Plaintiff demands a trial by jury in this action.

**PARTIES**

6. Plaintiff Julio Pacheco ("Plaintiff") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

11. On or about March 28, 2015, Plaintiff was lawfully present in the West 168th Street Station in New York, New York.

12. Plaintiff was leaving his job as a labor and maintenance worker to return home. While Plaintiff was waiting, he was standing with his hands in his pants pocket. A police officer approached Plaintiff and asked, "What's that?" and immediately grabbed his forearm.

13. In spite of Plaintiff's cooperation with the officers, the other officer grabbed Plaintiff's forearm, so that both officers restrained Plaintiff by the same arm. The officers started yelling, "Why are you resisting?"

14. At no point did Plaintiff resist arrest. Instead, as soon as the second officer grabbed him, Plaintiff turned around so that both of his arms were behind his back. The officers then handcuffed Plaintiff.

15. The officers found a knife on Plaintiff, which he carried in the course of his employment in labor and maintenance for cutting materials.

16. Plaintiff was arrested and taken to a police precinct.

17. At the precinct, the officers falsely informed employees of the District Attorney's Office that Plaintiff resisted arrest, was in possession of a weapon with intent to use, and obstructed governmental administration. The officers prepared police paperwork and other documents to that effect.

18. The officers fabricated these statements and prepared these documents in an effort to justify their unlawful search and false arrest of Plaintiff.

19. Plaintiff was then taken to Brooklyn Central Booking.

20. Plaintiff was charged with resisting arrest, possession of a weapon with intent to use, and obstruction of governmental administration.

21. All charges were ultimately dismissed.

22. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendants, by their conduct toward Plaintiff alleged herein, violated Plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Unlawful Stop and Search

26. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The individual defendants created false evidence against Plaintiff.

34. The individual defendants forwarded false evidence to prosecutors in the District Attorney's office.

35. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
## Malicious Prosecution

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. By their conduct, as described herein, and acting under color of state law, defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in Plaintiff's favor.

40. As a direct and proximate result of defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
## Failure To Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
*Monell*

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

47. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

48. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

49. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

50. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

51. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   October 26, 2016
         New York, New York

                                            /s
                                     Juliene Munar
                                     Wright & Marinelli LLP
                                     305 Broadway, 10th Floor
                                     New York, New York 10007
                                     (212) 822-1427

*Attorney for Plaintiff*